```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION
```

RANDY MARVIN SWISHER,         )
                              )
          Petitioner,         )
                              )
     v.                       )    NO. 3:10-CV-229
                              )
SUPERINTENDENT, Westville     )
Correctional Facility,        )
                              )
          Respondent.         )

## OPINION AND ORDER

This matter is before the Court on the Pro Se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed on August 6, 2010. For the reasons set forth below, the stay is **LIFTED**, the petition for writ of habeas corpus is **DENIED**, the Petitioner is **DENIED** a certificate of appealability, and the Clerk is **DIRECTED** to close this case.

BACKGROUND

Petitioner, Randy Marvin Swisher ("Swisher"), a prisoner confined at the Westville Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 Porter County conviction for aggravated battery, for which he received a twenty year sentence.

DISCUSSION

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district

court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court or if the state court reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application"

clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.*

In reviewing a petition for federal collateral relief from a state court judgment of conviction, this court must presume as correct the facts as found by the state courts. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 547 (1981). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The facts related to his conviction, as set forth by the Indiana Court of Appeals, are as follows:

> On January 1, 2008, Swisher was home alone while his son Josh, daughter-in-law Megan, their baby, and their friends, Chad and Amber, went to lunch. Earlier that day, Swisher overheard the group talking about him behind a closed door. The group was discussing Swisher's recent erratic behavior and considering obtaining mental help for him. Swisher was convinced they were hashing out a "plot to kill him." Appellant's Br. p. 4.
>
> As the group pulled into the driveway after lunch, Swisher came outside with a shotgun. He was yelling that they should call 911. Thinking that there had been a home invasion, Josh and Chad ran into the house. Chad grabbed a handgun from his glove compartment before entering the house. The women stayed behind with the baby and called 911.
>
> Once Josh got inside, Swisher asked for his cell phone and then told Josh to sit on the couch. When Josh refused, Swisher pointed the shotgun at him. Chad walked in, and Swisher asked him for his cell phone. Chad

> refused, and Swisher pointed the shotgun at him. Chad raised his own gun. Swisher fired, and hit Chad in the arm and shoulder. Chad fired back and hit Swisher in the midsection. Josh got down and went to get a gun from his bedroom. Josh returned to room to find Chad crouched on the floor. Josh ordered Swisher to drop the shotgun. He refused, and Josh fired. Swisher went to his knees and dropped the shotgun, but was still holding a 9mm Glock handgun. Josh continued to yell for Swisher to drop the weapon. When Swisher did, Josh pinned Swisher against the stove in the kitchen. Josh noticed all the stove burners were on without flames and assumed the home was filling with gas.

(DE 8-6 at 3-4).

In his direct appeal, Swisher raised the two claims that he presents in his petition for writ of habeas corpus. He argued that the trial court erroneously denied him the use of a police computer at trial, and that the trial court erroneously denied tendered jury instructions and gave a misleading instruction on self-defense (DE 8-3). On January 9, 2009, the Indiana Court of Appeals affirmed Swisher's conviction and sentence.  (DE 8-6). Swisher sought transfer, which was denied on November 12, 2009.

Swisher also filed a petition for post-conviction relief, raising claims he does not assert in his habeas petition, but he has not completed state appellate review of these issues (DE 1 at 91, n. 7). This Court stayed proceedings in this case because of the unexhausted claims, but the Petitioner has asked the Court to lift the stay.  The Court advised the Petitioner that in order to file a second and successive petition for writ of habeas corpus he must first obtain leave of the United States Court of Appeals for the Seventh Circuit, and that such approval might be denied where

he voluntarily elected to proceed on some issues, knowing that others are not yet exhausted (DE 17). In response, Swisher "advises the court that he wishes to proceed on the two claims presently before the court even though it may preclude him from ever bringing future claims in a habeas petition" (DE 18 at 1). Accordingly, the Court lifts the stay and considers the issues raised in this petition for writ of habeas corpus on the merits.

<u>Denial of Use of a Computer at Trial</u>

Swisher's first claim is that the trial court deprived him of due process by engaging in "styfling of evidence" (DE 1 at 15). The Petitioner asserts that "[t]his issue deals with the trial court not allowing Swisher to admit evidence [by] denying him access to the evidence . . ." (DE 1 at 15). Swisher argued to the Indiana Court of Appeals that "he needed the computer at trial to enter the statements into evidence" (DE 8-6 at 5).

Several witness statements were placed on a computer disc and then transcribed. Swisher was given transcripts of the witness statements, but came to believe that the transcriptions were altered in some unspecified way (DE 1 at 13, DE 8-3 at 18). Swisher stated to the Indiana Court of Appeals that the alleged alteration of the transcripts would "be an issue in post-conviction relief if necessary" (DE 8-3 at 18).

Because Swisher is still in the process of presenting it to the Indiana Courts in his post-conviction proceedings, this Court

will not address his claim that the transcripts were altered. The only claim the Court will address in this opinion and order is Swisher's claim that the trial court should have allowed him to present the statements on the computer disc to the jury as well as the transcripts of the witness statements on that disc.

A challenge to the trial court's conduct of trial with regard to the admission of evidence is generally not a cognizable ground upon which to seek federal habeas relief because federal habeas corpus does not reach errors of state law. *Johnson v. Bett*, 349 F.3d 1030, 1037 (7th Cir. 2003). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). Federal courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude. *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000). Federal courts do not interfere with a state evidentiary ruling unless the evidence was so prejudicial that its admission violated fundamental due process and the right to a fair trial. *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir. 1993).

The Indiana Court of Appeals found that the trial court's decision to limit Swisher to the transcripts of the witness statements did not deprive him of his ability to defend himself at trial:

> Swisher claims the statements on the computer should have been admitted for the jury and he was denied an

> opportunity to admit them because he was denied the computer. We fail to see the connection. Both Megan and Amber testified at trial and Swisher had ample opportunity to cross examine each of them. At no point did he express an interest or a need to reference their videotaped statements. Swisher also argues that not having this computer prevented him from addressing Chad's credibility. This argument is without merit because during Swisher's cross-examination of Chad, Swisher pointed out inconsistencies between Chad's statement to police and his testimony. Swisher made no attempt to introduce statements, either in videotape or transcribed form. To the extent that Swisher claims his due process rights were violated, we reject such claims because he admitted at trial that use of the computer was merely a method to save time. The trial court did not abuse its discretion by declining to order the Sheriff's Department to turn over the computer.

(DE 8-6 at 5-6).

Under the AEDPA, to grant relief a federal habeas court must find the state court conclusion was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). *Rice v. Collins*, 546 U.S. 333, 338 (2006). State court factual findings are presumed correct; the petitioner has the burden of rebutting the presumption by "clear and convincing evidence." § 2254(e)(1). *Rice*, 546 U.S. at 338-39. In this case, the Indiana Court of Appeals correctly found the facts related to this claim, and its determination is supported by the record. Swisher does not rebut these factual findings and, accordingly, this claim is without merit.

<u>Jury Instructions</u>

In his second ground, Swisher alleges that the refusal of two

tendered jury instructions and what he characterizes as "altering" of a third instruction denied him a fair trial. Instructional error under state law is generally not a basis for federal habeas relief. *Gilmore v. Taylor*, 508 U.S. 333, 344 (1993). Such error will not support a petition for federal habeas relief unless it is shown "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,'" but that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973). Swisher does not meet this standard. The Indiana Court of Appeals correctly concluded that his requested instructions were not supported by facts in the record and that the trial court's instruction on self-defense was a correct statement of Indiana law.

Swisher claims that he was improperly denied jury instructions on the affirmative defenses of mistake of fact and necessity, and that the trial court gave a confusing instruction on self-defense. Indiana law provides that it is a "defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense." Ind. Code § 35-41-3-7. Regarding mistake of fact, the Indiana Court of Appeals correctly observed that even if Swisher's assertion of mistaken belief, that his family members were plotting to kill him rather than get him mental health treatment, it would not have negated his culpability for

shooting Chad Nolan:

> Even if this was Swisher's mistaken belief, and even if facts actually existed to support his adoption of such a belief, it did not excuse his actions. Nothing about this supposedly mistaken belief would excuse or negate Swisher's commanding the young men into the home, pointing a shotgun at both of them, firing it, and injuring Chad.

(DE 8-6 at 7).

Regarding the defense of necessity, the Indiana Court of Appeals similarly found that the record lacked multiple prerequisites to support the defense, and that the trial court therefore correctly declined to give such an instruction (DE 8-6 at 8-9). Indiana courts have outlined six prerequisites in establishing a necessity defense: (1) the act charged as criminal was done to prevent a significant evil; (2) there was no adequate alternative to the commission of the act; (3) the harm caused by the act was not disproportionate to the harm avoided; (4) the accused must entertain a good faith belief that his act was necessary to prevent greater harm; (5) such belief must be objectively reasonable under all circumstances; and (6) the accused must not have substantially contributed to the creation of the emergency. *Patton v. State*, 760 N.E.2d 672, 675 (Ind. Ct. App. 2002).

The Indiana Court of Appeals concluded with respect to this claim that:

> Even assuming Swisher's proposed instruction correctly outlined the applicable law, the facts in his case did not support giving such an instruction. In this instance, confronting Josh and Chad with a shotgun was not the only

9

>  alternative for Swisher. Even if Swisher believed they were intending to harm him, such a belief was not objectively reasonable.

(DE 8-6 at 8-9). This claim involves only the application of state law, which the Indiana Court of Appeals applied correctly. It states no claim cognizable on federal habeas review.

Finally, Swisher alleges that the trial court's instruction on self defense was misleading, the Indiana Court of Appeals concluded that the instruction correctly stated Indiana law on self-defense and did not prejudice Swisher (DE 8-6 at 9-10). The record supports the court of appeals' conclusion, and this claim asserts no issue of federal law.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant Swisher a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in this memorandum, the Court concludes that the claims raised in Swisher's petition are without merit. Nothing in Swisher's submissions suggest, let alone establishes, that jurists of reason could debate the correctness of this Court's conclusion that his claims are without merit, or find a reason to

encourage Swisher to proceed further. Accordingly, the Court declines to issue Swisher a certificate of appealability.

CONCLUSION

For the foregoing reasons, the Court **LIFTS** the stay it imposed on July 5, 2011, **DENIES** this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1)**, DENIES** the Petitioner a certificate of appealability, and **DIRECTS** the Clerk to close this case.

**DATED: September 2, 2011**          /S/RUDY LOZANO, Judge
                                      **United States District Court**